**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH BREHNAN, D.M.D.;
KENNETH BREHNAN, D.M.D., INC.

    Plaintiffs,

    v.

ORTHALLIANCE, INC., et. al.

    Defendants.
_____/

No. C-06-4722 PJH

**ORDER GRANTING MOTION FOR REMAND AND DENYING MOTION TO TRANSFER**

Plaintiffs' motion for remand came on for hearing before this court on October 11, 2006. Plaintiffs, Kenneth Brehnan, D.M.D. and Kenneth Brehnan, D.M.D., Inc. ("plaintiffs"), appeared through their counsel Ronald P. Goldman. Defendants, OrthAlliance, Inc., et. al. ("defendants"), appeared through their counsel Gibson E. Pratt, Esq. and Neil J. Moran, Esq. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court hereby rules as follows, for the reasons stated at the hearing and summarized below.

    1. Plaintiffs' motion to remand this matter to Marin County Superior Court is GRANTED. Under 28 U.S.C. § 1452(b), once a claim is removed, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." A decision whether to remand is within the judge's discretion. McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). Courts evaluate a variety of factors in conducting the equitable analysis, including judicial economy, comity considerations, whether only state law questions are at issue, the expertise of the court where the matter was originally brought, the impact that remand would have on the administration of the

debtor's bankruptcy case, the possibility of inconsistent results, and the extent of prejudice to nondebtor parties.  See In re Bay Area Material Handling, Inc., 1995 WL 747954, at *9 (N.D. Cal. Dec. 6, 1995); Seale v. Owens, 134 B.R. 181, 184 (E.D. La. 1991); Western Helicopters, Inc. v. Hiller Aviation, Inc. 97 B.R. 1, 2 (E.D. Cal. 1988).  These factors warrant remand here because (1) this litigation has been pending for over four years in state court and Judge Sutro has had substantial contact with the parties, (2) only state law causes of action are at issue, (3) the plaintiffs would suffer substantial prejudice if this case was litigated in Louisiana, given the resources and time expended in California superior court, (4) this case is factually distinguishable from the other pre-petition lawsuits in that it does not relate to the events surrounding Hurricane Katrina, and (5) the defendants have failed to demonstrate that adjudication of this case in California state court would hinder or result in inconsistent results in the bankruptcy case.

       2.  In view of the above holding, defendants' motion to transfer is DENIED as moot, and the October 18, 2006 hearing on that motion is hereby VACATED.

**IT IS SO ORDERED.**

Dated: October 16, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge